**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-60962-BLOOM/Valle**

LINDA FELDER,

      Plaintiff,

v.

SAM'S EAST, INC,

      Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Sam's East, Inc.'s Motion for Summary Judgment, ECF No. [33] ("Motion"). Plaintiff Lisa Felder filed a Response in Opposition, ECF No. [35], to which Defendant filed a Reply, ECF No. [38]. The Court has carefully reviewed the Motion, all opposing and supporting submissions,[1] the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## I.  BACKGROUND

Plaintiff initiated this personal injury action against Defendant on January 31, 2022, in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* ECF No. [1-2]. Defendant thereafter removed the case to this Court. *See* ECF No. [1]. The Complaint alleges one count of negligence under a theory of premises liability. ECF No. [1-2]. Specifically, Plaintiff alleges that on or about June 15, 2021, she was a business invitee at SAM'S CLUB, the premises in the custody of and operated by Defendant. *Id*. ¶ 8. Plaintiff further alleges that she "was visiting the

---

[1] Defendant filed a Statement of Material Facts, ECF No. [30] ("SMF"), with its Motion for Summary Judgment. Plaintiff filed a Response to Defendant's SMF ("RSMF"), and a Statement of Additional Material Facts ("SAMF"). ECF No. [34].

aforementioned premises when suddenly she slipped and fell due to a wet and slippery substance on the floor." *Id*. ¶ 9. Plaintiff asserts that as a result of the fall, she sustained significant bodily injury. *Id*. ¶ 10.

On March 15, 2023, Defendant filed the instant Motion, ECF No. [33], along with its corresponding SMF, ECF No. [30], seeking summary judgment in its favor as to Plaintiff's claim. Plaintiff filed a Response, ECF No. [35], and corresponding RSMF and SAMF, ECF No. [34] in opposition.

## II. MATERIAL FACTS

Based on the Parties' briefings and the evidence in the record, the following facts are not genuinely in dispute unless otherwise noted.

### A. Plaintiff's Fall

On June 15, 2021, while at Defendant's SAMS'S CLUB located at 13550 W. Sunrise Boulevard, Sunrise, Florida, Plaintiff slipped and fell. SMF ¶ 1; RSMF ¶ 1. Plaintiff fell while pulling a flatbed cart down the coffee aisle located in the back of the store, far away from the entrance. SMF ¶¶ 2-3. Plaintiff testified that she "slipped because it was water." ECF No. [30-2] at 61:2.[2] She explained that the first time she saw the water on the floor was when she was placed on a stretcher by paramedics. *Id*. at 74:11-24. When asked to describe the shape or size of the water, Plaintiff responded "[a]ll I know, it was a lot of water." *Id*. at 75:18-21. Plaintiff further testified that she did not know where the water had come from, if the water had any color, how long it had been on the floor, or whether anyone else had walked through the water or pushed a cart through the water before she fell. *Id*. at 77:1-13.

---

[2] Plaintiff's deposition was filed as a PDF at ECF No. [30-2]. The pagination of the filed PDF document is different from the pagination of the deposition transcript. The Court cites to the page number of the transcript.

Defendant's employee, Antolin Jenkins ("Jenkins"), was working as a personal shopper at the time of Plaintiff's fall. SMF ¶ 18. Jenkins was the first employee on the scene. *Id.* ¶ 20. He testified that when he arrived at the scene he saw specks of water on the floor around Plaintiff. *Id.* ¶ 21. He further testified that he did not know where the water came from, there were no trails associated with the water, and the water was in just one area. *Id.* ¶ 23. Jenkins did not see any footprints, cart marks, or dirt in the water. *Id.* ¶¶ 25-27; ECF No. [30-3] at 40:1-7.[3] Two other employees, John Padgett ("Padgett") and Adie Frances ("Frances") similarly testified that they did not recall seeing any footprints, dirt, or cart marks in the area where Plaintiff fell and did not see any footprints, dirt, or cart marks in the photographs depicting the scene of Plaintiff's fall. *See* ECF No. [34-1] at 62:4-9, 88:21-91:21; ECF No. [34-2] at 46:2-25.

### B. Photographs

As part of the record evidence, Plaintiff submitted two photographs depicting Plaintiff lying on the floor of Defendant's store where she fell. ECF No. [34-4]. Defendant submitted an additional two photographs depicting Plaintiff on the ground of its store. ECF No. [30-4]. The Parties do not dispute the authenticity of these photographs or that the photographs were taken between the time Plaintiff fell and the time that she was taken out of the store by paramedics. SMF ¶ 28; ASMF ¶¶ 75-77. The four photographs were taken by a customer, whose identity is unknown to either party and who consequently was not deposed and did not give a statement as to what he or she saw. SMF ¶ 28; ASMF ¶¶ 76, 79-83.

### C. Defendant's Safety Precautions

Defendant is aware that spills occur frequently throughout its store and has implemented

---

[3] Jenkins's Deposition was filed as a PDF at ECF No. [30-3]. The pagination of the filed PDF document is different from the pagination of the deposition transcript. The Court cites to the page number of the transcript.

safety rules. AMF ¶¶ 40-41.[4] Defendant's employees are responsible for making sure there are no spills while walking around the store. AMF ¶¶ 36-37. At least two employees are assigned to each area of the store and are responsible for looking for spills. *Id.* ¶ 38. Defendant's safety rules also mandate that spills on the floor be guarded until cleaned up. *Id.* ¶ 52. Defendant has no evidence as to when the last safety sweep was conducted prior to Plaintiff's fall. *Id.* ¶ 56. Defendant's employees did not act in accordance with certain store policies and procedures on the date of Plaintiff's fall. *See id.* ¶¶ 51, 55, 69, 79-82. Deposition testimony supports the following non-adherence to store policies: (1) employees did not have a towel in their pocket at the time of Plaintiff's accident; (2) the area where Plaintiff fell was not cordoned off after her fall; (3) no employee took pictures of the incident scene prior to it being cleaned; and (4) no employee took witness statements or obtained witness contact information. *Id.* ¶¶ 42, 51, 67, 69, 79, 83.

## III.   LEGAL STANDARD

### A.  Summary Judgment

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

---

[4] Defendant did not file a Reply Statement of Material Facts to Plaintiff's Statement of Additional Material Facts as permitted by Local Rule 56.1(b)(3). Accordingly, Plaintiff's Additional Material Facts supported by properly cited record evidence are deemed admitted. *See* S.D. Fla. L.R. 56.1(c).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations[.]'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019); *see also Crocker v. Beatty,* 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-moving party's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant." (citation omitted)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990) (citation omitted).

## IV.   DISCUSSION

In the Motion, Defendant argues that summary judgment is warranted because there is no evidence that it had actual or constructive notice of the wet substance that allegedly caused Plaintiff's fall. *See generally* ECF No. [33]. Plaintiff responds that Defendant had constructive knowledge of the hazard and failed to reasonably protect Plaintiff. *See generally* ECF No. [35].

The Court begins its analysis by pointing out that, in this diversity case, it applies the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010). As such, the Court looks to Florida negligence law. In a negligence claim, Florida law requires that a plaintiff prove the following four elements: (1) the defendant had a duty to conform to a certain standard of conduct, (2) the defendant breached that duty, (3) the breach of that duty caused damages to the plaintiff, and (4) the plaintiff sustained

damages. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 277-78 (Fla. 3d DCA 2017)

(quoting *Wilson-Greene v. City of Miami*, 208 So. 3d 1271 (2017)). In a premises liability case,

Defendant, as a premises owner, owes Plaintiff, as a business invitee, "a duty to exercise

reasonable care to maintain [its] premises in a safe condition." *Encarnacion*, 211 So. 3d at 278;

*see also Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019) ("With

respect to the duty element, 'a possessor of premises to which the public is invited has a legal duty

to ascertain that the premises are reasonably safe for invitees.'") (citation and alteration omitted).

Because it is undisputed that Plaintiff was Defendant's business invitee, Defendant owed

Plaintiff a duty to exercise reasonable care to maintain its premises in safe condition. Having

established the first element, the Court proceeds to analyze the contested second element of

Plaintiff's claim.

## A.  Notice

To demonstrate a breach in a premises liability case involving a transitory foreign

substance here, water, Florida law requires that a plaintiff prove the defendant had prior notice—

actual or constructive—of the dangerous condition.

Florida Statute § 768.0755 states, in relevant part, as follows:

1) If a person slips and falls on a transitory foreign substance in a business
establishment, the injured person must prove that the business establishment had
actual or constructive knowledge of the dangerous condition and should have
taken action to remedy it. Constructive knowledge may be proven by
circumstantial evidence showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise
of ordinary care, the business establishment should have known of the condition;
or
(b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755.

Plaintiff has not alleged nor presented any evidence that Defendant had actual notice of the

water on the floor of Defendant's store. The Court therefore proceeds to consider whether there was constructive notice. A Plaintiff may prove constructive notice in one of two ways: (1) "[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition;" or (2) "[t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1)(a)-(b).

Defendant argues that it did not breach its duty of care to Plaintiff because it did not have constructive notice of the water on the floor. Plaintiff responds that Defendant had constructive knowledge based on the length of time the water was on the floor and based on regularity and foreseeability. The Court addresses the two theories of constructive notice in turn.

### i.    Constructive Notice: Length of Time

Defendant argues that there is no evidence to suggest that the water was on the floor for such a length of time that it should have known of the dangerous condition. Plaintiff responds that "photographic evidence unequivocally establishes that the water that caused Plaintiff to slip and fall was not in its original condition and is evidence of a longstanding spill." ECF No. [35] at 7. Plaintiff argues that Defendant therefore was on constructive notice of the dangerous condition.

"'When considering whether there is an issue of fact for submission to a jury in transitory foreign substance cases, courts look to the length of time the condition existed before the accident occurred.'" *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1169 (11th Cir. 2023) (quoting *Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d DCA 2017)). In the absence of direct evidence of how long the condition existed, "Florida law requires that the plaintiff introduce circumstantial evidence of 'additional facts' showing that that the substance had been on the ground for an extended period before the slip-and-fall to survive summary judgment." *Id*. at 1169-70. "The mere presence of water on the floor is not enough to establish constructive notice - rather,

the record must contain additional facts to create a permissible inference regarding the amount of time the water had been on the floor." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x at 1013 (cleaned up). "In trying to assess *how long* a substance has been sitting on a floor, courts look to several factors, including 'evidence of footprints, prior track marks, changes in consistency, [or] drying of the liquid.'" *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1283 (S.D. Fla. 2021) (quoting *Palavicini*, 787 F. App'x at 1012) (alteration in original).

Plaintiff argues that two photographs depicting her on the ground shortly after her fall, ECF No. [34-4], establish that the water causing her to slip and fall was dirty and not in its original condition, providing evidence of an old wheel or cart stain tracking through the area of the incident.

Defendant argues that the photographs show no obvious signs of age. In support of its position, Defendant points to the deposition testimony of its employees, Jenkins, Padgett, and Frances. Before looking at the photographs, Jenkins testified that he did not recall seeing footprints, dirt, or cart marks in the area where Plaintiff fell. ECF No. [30-3] at 39:25-40:7. After viewing the photographs, the following questions were posed, and answers given:

> Q.      Okay. When you studied the pictures did you not see cart marks, footprints, skid marks and dirt?
> A.      No.
> Q.      You didn't see them in photographs either?
> A.      I only seen water.

*Id*. at 40:24-41:3.

Padgett, who was also on scene, did not recall seeing any dirt on the floor with footprints or other marks. ECF No. [34-1] at 88:21-23. When asked how much dirt he saw on the floor, he responded, "I don't remember seeing any dirt, sir. The – the floor was clean but there was water on the floor." *Id*. at 62:4-9. He also viewed the photographs and testified that they accurately reflected the condition of the droplets of water when he responded to Plaintiff's fall. *Id*. at 91:18-21. Frances, a third employee of Defendant similarly testified that he did not remember seeing dirt

on the floor. ECF No. [34-2] at 46:2-11. He was asked when he looked at the pictures if the pictures showed part of the floor looking clean and another part looking darker and dirty. *Id*. at 46:12-14. Frances responded that he did not notice that. *Id*. at 46:18. When asked whether he saw any cart marks through where the water was, he answered "[n]o sir." *Id*. at 46:22-25.

It is undisputed that none of Defendant's employees were in the subject aisle at the time of Plaintiff's fall. AMF ¶ 59. It is similarly undisputed that Defendant does not have evidence as to when the subject aisle had last been inspected prior to Plaintiff's fall. *Id*. ¶ 56.

The photographs do not contradict the testimony of Defendant's employees that there were no cart marks, footprints, skid marks, or dirt in the water. Plaintiff has not offered any evidence suggesting that they do depict such conditions. As such, no reasonable juror could infer from the photographs any evidence of footprints, prior track marks, or changes in consistency of the water in order to find that Defendant was on constructive notice because the dangerous condition had existed for a sufficiently long time.

Furthermore, the Court is unpersuaded by Plaintiff's argument that the lack of inspections leading up to her fall is sufficient evidence from which a reasonable trier of fact can infer that the condition existed long enough that the exercise of reasonable care would have resulted in discovery by Defendant. As the Eleventh Circuit has recognized, "the fact there was no inspection for a given length of time in itself provides no proof that the defect was actually there for a sufficient period to place a landowner on reasonable notice of its existence.'" *Espinoza v. Target Corp.*, 843 F. App'x 168, 172 (11th Cir. 2021). There is no record evidence from which a reasonable juror could infer constructive notice based on the length of time the water was on the floor prior to Plaintiff's fall. As such, the Court turns to whether there is evidence of constructive notice based on regularity and foreseeability.

ii.     **Constructive Notice: Foreseeability**

Defendant contends that there is no evidence by which Plaintiff can establish constructive notice based on foreseeability. Plaintiff argues that "the uncontroverted evidence and Defendant's admissions that substances often get spilled on the floor of its store" establish that Defendant was on constructive notice based on regularity and foreseeability. ECF No. [35] at 9.

Plaintiff relies on *Feris v. Club Country of Fort Walton Beach, Inc.*, in which summary judgment was denied because the court found sufficient circumstantial evidence of constructive notice based on foreseeability. 138 So. 3d 531, 534-35 (Fla. 1st DCA 2014). In *Ferris*, Plaintiff provided deposition testimony that "patrons in the dance room where the fall occurred routinely took drinks on the dance floor, which commonly resulted in spills on the dance floor" and that the plaintiff's fall took place near a speaker, and "patrons customarily put their drinks on speakers." *Id*. at 534. There was also record evidence that after plaintiff's fall "his jeans were wet with a substance that smelled like alcohol." *Id*. The *Ferris* court found that that evidence was sufficient circumstantial evidence from which a jury could find constructive notice based on foreseeability. *Id*. at 535.

Defendant argues that the instant case is distinguishable from *Feris*. Defendant points out that Plaintiff is attempting to "expand the concept of 'condition' as it relates to regularity, to include any and all substances throughout an entire Sam's Club that hypothetically *could* cause an accident." ECF No. [38] at 7 (emphasis in original). The Court agrees that the instant case is distinguishable. In *Ferris* there was evidence that the area in which the plaintiff fell was prone to spills, that drinks often spilled, and that plaintiff's pants smelled like alcohol after he fell. *Feris*, 138 So. 3d at 534-35. Here, by contrast, the only circumstantial evidence is that spills occurred frequently. AMF ¶¶ 40-42 There is no specific evidence suggesting that spills frequently occurred

in the coffee aisle where Plaintiff fell. Nor is there specific evidence that water, the substance at issue in this case, was regularly spilled.

Defendant cites *Pussinen v. Target Corp.*, where the Eleventh Circuit affirmed summary judgment against a plaintiff who failed to set forth sufficient circumstantial evidence of foreseeability. 731 F. App'x 936 (11th Cir. 2018). In that case, the Eleventh Circuit found that the plaintiff had not created a genuine dispute of fact regarding constructive notice based on a regularly occurring condition when she provided the following evidence:

> (1) Target knew that liquids, items, or substances would be found on the floor of the toy department during the holiday season; (2) a substance on the floor adjacent to toy department shelving, is undoubtedly a regular occurrence when the toy department is frequented by children of all ages, strollers, etc., during the holiday season; and (3) this was a Super Target which contained a grocery department as well as a café with beverages to purchase before or after shopping.

*Id.* at 939 (internal quotation marks and citation omitted). The Eleventh Circuit held "that string of assumptions does not satisfy [plaintiff's] burden to present *evidence* that the condition leading to her fall 'occurred with regularity.'" *Id.* (emphasis in original).

Here, record evidence establishes that spills occurred regularly at Defendant's store and certain safety precautions were enacted to account for the spills. AMF ¶¶ 40, 41. Those policies included requiring all employees walking the floors to have a towel in their pocket at all times. *Id.* ¶ 42. Like the plaintiff in *Pussinen*, Plaintiff here provides no evidence showing that the type of spill was foreseeable in the location where Plaintiff slipped on water on the floor in this case. Thus, the facts are more akin to *Pussinen* than *Feris*. Accordingly, Plaintiff has failed to provide sufficient circumstantial evidence to create a genuine dispute of material fact about whether Defendant had constructive notice of the condition which caused her injury based on foreseeability. *See Palavacini*, 787 F. App'x at 1013-14 (rejecting conclusion of constructive notice that would requiring drawing inferences not supported by the record).

Moreover, the Court is unpersuaded by Plaintiff's argument that constructive knowledge can be imputed from Defendant's failure to adhere to its own safety policies and procedures including failure of employees to keep a towel in their pockets, failure to cordon off the area after Plaintiff's fall, failure by employees to take timely pictures to preserve the evidence, and failure to collect witness statements and contact information. Defendant cited multiple cases for the proposition that its internal policies are not relevant evidence of the standard of care. *See* ECF No. [38] at 2 (citing *Mayo v. Publix Super Markets, Inc.*, 686 So. 2d 801, 802 (Fla. 4th DCA 1997) ("a party's internal rule does not itself fix the legal standard of care in a negligence action"); *Dominguez v. Publix Super Markets, Inc.*, 187 So. 3d 892, 895 (Fla. 3d DCA 2016) ("internal safety policies do not themselves establish the standard of care owed to the plaintiff"); *Shaw v. Pizza Hut of Am., Inc.*, No. 08-CV-27, 2009 WL 591182, at *5 (M.D. Fla. Mar. 6, 2009) ("A party cannot create a legal standard of care with its own internal rule."). Because there is no evidence from which a reasonable juror could infer constructive notice based on foreseeability of a regularly occurring condition, summary judgment is appropriate.

### B. Failure to Preserve Evidence

Finally, the Court addresses Plaintiff's argument that summary judgment is inappropriate because "Defendant failed to preserve material evidence about the condition which caused the fall or about a material witness with knowledge of the condition." ECF No. [35] at 10. Defendant responds that "there has been no 'failure' to preserve evidence' in any legally relevant sense." ECF No. [38] at 9. Defendant argues that "[a]ctions taken after the accident have no relevance to whether or not there was actual or constructive notice of a dangerous condition before the accident." *Id*. (emphasis omitted).

Plaintiff argues that this case is factually similar to the scenario considered in *Martino v. Wal-Mart Stores, Inc.*, 835 So. 2d 1251 (Fla. 4th DCA 2003); *see also*, *Martino v. Wal-Mart Stores,*

*Inc.*, 908 So. 2d 342 (Fla. 2005) (addressing a conflict over whether an independent cause of action should exist for first-party spoliation of evidence and approving the Fourth District's dismissal of the cause of action for spoliation in *Martino*). The *Martino* court stated the rule that "an adverse inference may arise in any situation where potentially self-damaging evidence is in the possession of a party and that party either loses or destroys the evidence." 835 So. 2d  at1257. In that case, the plaintiff "testified that she 'pointed out' where her cart was in the parking lot and requested that the assistant manager save both the cart and the video tape." *Id*. The court held that "[i]f [the plaintiff's] testimony were believed, the jury *could* have inferred that the condition of the cart and the actions depicted on the video would have been unfavorable to [the defendant]." *Id*. (emphasis in original). The Court finds *Martino* distinguishable because there the plaintiff requested that that the cart and video tape be preserved. Here, there is no evidence of such a request.

"Prior to a court exercising any leveling mechanism due to spoliation of evidence, the court must answer three threshold questions: 1) whether the evidence existed at one time, 2) whether the spoliator had a duty to preserve the evidence, and 3) whether the evidence was critical to an opposing party being able to prove its prima facie case or a defense." *Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006). Plaintiff has not provided any evidence that Defendant had a duty to take pictures of the scene before it was cleaned. Accordingly, Plaintiff is not entitled to an adverse inference instruction. Therefore, there is no dispute of material fact regarding notice and summary judgment must be granted in Defendant's favor.

### V.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, **ECF No. [30]**, is **GRANTED**. A final judgment will be entered by separate order.

Case No. 22-cv-60962-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 22, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record